## Lebder v. Kornick

*David E. Cohen,* for plaintiff.
*Daniel G. Reilly,* for defendant.

CICCHETTI, *J.,* November 3, 1977—Plaintiffs have filed a petition under the Uniform Declaratory Judgments Act, of June 18, 1923, P. L. 840, sec. 1 et seq., 12 P.S. §831 et seq. The issue before the court, which is an issue of law only, is whether defendant, as county treasurer, has sole authority to determine the depository for funds held by the County Retirement Board under the County Pension Law of August 31, 1971, P.L. 398, sec. 1 et seq., 16 P.S. §11651 et seq. Plaintiffs are the

majority members of the board, and defendant, as the duly elected treasurer of Fayette County, also serves on the board as required by law: 16 P.S.§11654(b).

The issue arises because of the language of the prior statutory authorization for the retirement system of Fayette County, The Fourth Class County Retirement Law of July 8, 1941, P.L. 298, sec. 1 et seq., 16 P.S. §11561 et seq., which was repealed and replaced by the Act of 1971. The specific portion of the Act of 1941 involved in section 6, as amended, 16 P.S. §11566, which included the provision that "[t]he depository shall be selected by the treasurer of the board." The replacing provision, section 7 of the Act of 1971, 16 P.S. §11567, in its first paragraph, repeats verbatim the provisions of section 6 of the Act of 1941, except that the material quoted here is omitted. Since the Act of 1971 contains no other provision dealing specifically with the choice of depository, the issue is the effect of the omission of the quoted provision.

Plaintiffs argue that the effect of the omission is to put the choice of depository within the discretion of the entire board as one of the general management and investment functions given it by section 9 of the Act of 1971, 16 P.S. §11659. Defendant contends that, even though omitted, the entrustment of the choice remains with the treasurer. This argument is that, since the 1971 statute virtually reenacted the parallel provisions of the Act of 1941, the contested provision remained effective to control choice of depository. The authority cited for defendant's argument is Act of November 25, 1970, P.L. 707, as amended, 1 Pa. C.S.A. §1962, which provides that, whenever a statute is repealed and its provisions are simultaneously

reenacted in the same or virtually the same terms by the repealer, the original statute is to be considered as continuing in effect from the date of its original enactment.

However, of more relevance in determining the effect of an omission from a repealing and reenacting statute is 1 Pa. C.S.A. §1961: "Whenever a statute reenacts a former statute, the provisions common to both statutes shall date from their first adoption. Such provisions only of the former statute as are omitted from the reenactment shall be deemed abrogated, and only the new or changed provisions shall be deemed to be the law from the effective date of the reenactment."

While section 1962 deals with the continuing effect of common provisions, section 1961 states that only those provisions of the earlier statute which are omitted from the reenactment are abrogated.

Applying section 1961 to the case here, it appears that, from August 31, 1971, the effective date of the reenactment, the provision of the Act of 1941 which gave the treasurer of the board the sole discretion to choose the depository was no longer the law of this Commonwealth. That choice then became one of the management and investment duties placed in the board as a whole.

To overcome this result, defendant advances two arguments. The first is that, since both the Act of 1941 and the Act of 1971 give custody of all funds ofthe board to the county treasurer, that officer must have the discretion to decide where the funds in his custody should be deposited. However, that the treasurer has custody of the funds does not necessarily require that he alone be able to choose the depository. [In any case, no provision

of either act mandates that the county treasurer be the treasurer of the retirement board. The Act of 1941 gave the choice to the board's treasurer, who could, but need not, be the county treasurer.]

Finally, defendant argues that the County Retirement Law must be interpreted in conjunction with the State Employes' Retirement System of June 27, 1923, P.L. 858, as amended, 71 P.S. § 1731 et seq., because they are in pari materia. However, the case cited for the proposition, Nugent Appeal, 18 D. & C. 2d 243, 39 Wash. Co. 126 (1959), deals with the rights of members of a county retirement system to receive benefits. The court there looked to the State Employes' system to determine the rights of the heirs of a member to receive the balance of a retirement allowance which the member did not receive before his death. But, as to the administration of the retirement fund, the county and state acts are not in pari materia, so that the provisions of the State Act do not aid in determining the question now before this court.

For these reasons, the court believes that, under the Act of 1971, the right, duty, and power to choose the depository for funds held by the retirement board is constituted a management and investment function of the board as a whole, and is no longer within the sole discretion of the treasurer of the board.

Wherefore, the court makes the following:

## ORDER

And now, November 3, 1977, after consideration, it is hereby decreed that the duty, power, and right to choose the depository for funds collected by the Retirement Board of Fayette County under the

authority of the County Pension Law of August 31, 1971, P.L. 398, sec. 1 et seq., 16 P.S. §11657 et seq., is vested in the retirement board as a whole, to be determined by a majority vote of the board as in all other matters pertaining to management and investment of the fund.